## 1UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BILLIE JO JOY,<br><br>Plaintiff,<br><br>v.<br><br>HILARY ILLICK and<br>JENNIFER KRIER,<br><br>Defendants. | 0.5, 1 1 5 8 0 NMG<br><br>Civil Action No.<br><br>MAGISTRATE JUDGE Sorokin |

RECEIPT # 65907
AMOUNT $250
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 7/28/05

### COMPLAINT AND JURY DEMAND

Plaintiff, Billie Jo Joy ("Joy"), brings this action against Defendants, Hilary Illick ("Illick") and Jennifer Krier ("Krier") (collectively, "Defendants") for a declaration that Joy is a co-author and claimant of all right, title and interest in and to the copyright in the script of the play, "Venus de Minivan: Mothers in the Breakdown Lane" ("Script") and any versions or derivatives thereof, for an accounting, for false advertising, and for breach of contract. Plaintiff complains of Defendants and alleges as follows:

### Parties

1.    Joy is an individual domiciled at 2 Sherman Street, Apartment 3, Cambridge, Massachusetts 02138. She is a dramatic artist specializing in theater and dance.

2.    Illick is an individual domiciled at 165 Common Street, Belmont, Massachusetts 02478.

3.    Krier is an individual domiciled at 20 Stone Road, Belmont, Massachusetts 02478.

## Jurisdiction and Venue

4.   This Court has original and exclusive jurisdiction over this action pursuant to 28 U.S.C.
     §§ 1331 and 1338(a) because it involves claims arising under the United States Copyright
     Act of 1976, 17 U.S.C. § 101, *et seq.* This Court also has jurisdiction over the related
     state law claims pursuant to 28 U.S.C. § 1367.

5.   This Court has personal jurisdiction over Defendants because they are both domiciled in
     the Commonwealth of Massachusetts.

6.   Venue is appropriate in this Court under 28 U.S.C. §§ 1391 and 1400(a).

## Facts

## I.    Drafting the Script

7.   Joy is a dramatic artist with more than thirty years of experience performing in, and
     directing theatrical stage performances.

8.   In or about January 2002, Defendants approached Joy and informed her that they desired
     to create and perform a play about their experiences as women and mothers.

9.   Defendants informed Joy that they sought her assistance in creating and performing the
     play because of her experience performing in, and directing, theatrical stage
     performances.

10.  In or about April 2002, Joy asked Defendants to provide her with the script of the play
     that they desired to create and perform.

11.  On or about April 8, 2002, Defendants delivered to Joy approximately 10 pages of text.

- 2 -

12. On or about April 9, 2002 Joy met with Defendants at her studio to discuss the text that they had previously delivered to her.

13. Joy and Defendants agreed that the text was insufficient to serve as a script.

14. Joy and Defendants further agreed that, prior to Defendants performing the play, Joy and Defendants would draft a script for the play together.

15. Joy and Defendants agreed that they would create a rough draft of the script for a so called "staged reading" of the script.

16. On or about April 9, 2002, Joy and Defendants started drafting text for the Script using creative techniques suggested by Joy.

17. Under Joy's creative techniques, one of the Defendants would engage in spontaneous speaking based on their thoughts about being women and mothers while Joy and the other Defendant would record what was said.

18. Also under Joy's creative techniques, one of the Defendants would engage in spontaneous movement based on their feelings about being women and mothers while Joy and the other Defendant would write their own thoughts based on their reaction to the movement.

19. Joy and Defendants met at Joy's studio in Cambridge, Massachusetts for approximately three hours, two times each week, to work on the Script.

20.     At the end of each meeting Defendants would take the text generated by them and Joy to
        their homes and type the text that had been generated during the previous collaborative
        session into a computer word-processor.

21.     Defendants would provide Joy with the type-written version of the text and all three
        would collaborate to change and revise the text to form the Script.

22.     Joy contributed original text to the Script by authoring entire scenes, portions of scenes,
        and stage direction.

23.     Joy also exercised creative control over the Script and decided whether to include or
        exclude text, how lines and scenes would be written, and how lines and scenes would be
        ordered to effectuate theatrical and dramatic performance of the Script.

24.     If there was a dispute between Joy and the Defendants over whether to include or exclude
        any content, or how text and scenes would be written, Joy made the ultimate decision.

25.     On June 14, 2002, Defendants performed the staged reading of the rough draft of the
        Script in Cambridge, Massachusetts.

26.     Following the staged reading, Defendants and Joy agreed to revise the rough draft in
        preparation for Defendants' performance of the play.

27.     Following the staged reading, Defendants and Joy continued to meet to further revise the
        Script in preparation for Defendants' production and performance of the play.

28.     On about November 22, 2002 Defendants completed their first performance of the play
        based on the Script in Cambridge, Massachusetts.

- 4 -

29.    Defendants conducted approximately 5 additional performances of the play "Venus de
       Minivan: Mothers in the Breakdown Lane" between November 23, 2002 and December
       14, 2002 in Cambridge, Massachusetts.

## II.    Agreement to Attribution and Royalties

30.    Prior to, and following, the staged reading of the rough draft of the Script, Defendants
       represented to Joy both orally, and in writing, that she was an author of the Script.

31.    Prior to, and following, the staged reading of the rough draft of the Script, Defendants
       represented to Joy both orally, and in writing, that she would receive a share of the
       proceeds of any use of the Script that occurred after the Defendants' performance of the
       play.

32.    In or about November, 2002, Joy discovered that Defendants had inserted in a draft of the
       Script, for the first time, a page reading "Copyright 2002 [sic] by Jennifer Krier and
       Hilary Illick All rights reserved."

33.    When Joy questioned Defendants regarding the page, Defendants reassured Joy that they
       did not intend to challenge her status as an author of the Script.

34.    Upon information and belief, Defendants made the foregoing representations to Joy to
       induce to her continue work on the Script.

35.    Between November, 2002 and the final performance of the play in Cambridge,
       Massachusetts in early December 2002 Joy continued to work on the Script.

- 5 -

36.     In early December, 2002, following the final performance of the play in Cambridge,
        Massachusetts, Joy contacted Defendants to discuss further memorializing their co-
        authorship of the Script and future rights to royalties from the Script.

37.     On or about January 13, 2003, Defendants, for the first time, informed Joy of their belief
        that Joy was not a co-author of the Script and that Joy had no right to royalties from
        future use of the Script.

## III.    Use of the Script

38.     In or about October, 2004, Joy learned, for the first time, from a newspaper article that a
        theatrical performance of a play based on the Script was being performed in an off-
        Broadway production under a different name, "Eve-olution," at the Cherry Lane Theater
        in New York City.

39.     Upon information and belief, "Eve-olution" is a copy of, or a derivative work based on,
        the Script.

40.     Upon information and belief, Defendants provided the Cherry Lane Theater a license to
        use and perform the Script, or a derivative thereof, to perform the play "Eve-olution."

41.     Upon information and belief, Defendants engaged in promotional and advertising
        activities to the public concerning performance of the play "Eve-olution."

42.     Upon information and belief, Joy was not referred to as a co-author of "Eve-olution" in
        any playbill, news paper article, interview, or other publication, advertising or promotion
        associated with the play "Eve-olution."

- 6 -

43.    Upon information and belief, "Venus de Minivan: Mothers In The Breakdown Lane" was not referred to as the work upon which "Eve-olution" was based in any playbill, news paper article, interview, or other publication, advertising or promotion associated with the play "Eve-olution."

44.    Joy has not received any monies in connection with the performance of "Eve-olution" at the Cherry Lane Theater or any licensing of the Script related thereto.

45.    In or about March, 2005 Joy learned, for the first time, that Defendants had registered a copyright with the United States Copyright Office for the play "Venus de Minivan: Mothers in Overdrive" number PAu-2-761-790 (the "Copyright Registration"), a true and correct copy of which is attached hereto as Exhibit A.

46.    The Copyright Registration provides that "Venus de Minivan: Mothers in Overdrive" is a "previous or alternative title" of "Venus de Minivan: Mothers in the Breakdown Lane."

47.    Upon information and belief, the Copyright Registration covers material identical to copyrightable subject matter co-authored by Joy, namely the Script.

48.    Upon information and belief, Joy was not referred to in any way in Defendants' application for the copyright or in the copyright itself copyright. (See Exhibit A)

49.    In or about May, 2005, Joy learned, for the first time, that Defendants had published a script entitled "Eve-olution."

50.    Upon information and belief, the script of "Eve-olution" contains some or all of the text of the Script co-authored by Defendants and Joy.

51.    Upon information and belief, Joy was not referred to in any way in connection with the
       script "Eve-olution."

52.    Joy has not received any monies in connection with the publication of the script "Eve-
       olution."

## COUNT I
### (Declaratory Judgment: Co-Authorship)

### (28 U.S.C. § 2201, 17 U.S.C. § 101 et seq.)

53.    Joy repeats and incorporates by reference Paragraphs 1 through 52 above as if fully set
       forth herein and further states:

54.    A real and justiciable controversy exists between Defendants and Joy regarding co-
       authorship of the Script.

55.    The Script is a joint work, authored by Joy and Defendants with the intention that their
       contributions be merged into inseparable or interdependent parts of a unitary whole
       within the meaning of the Copyright Act, 17 U.S.C. § 101, *et seq.*

56.    Defendants' registration of a copyright with the United States Copyright Office for the
       script "Venus de Minivan: Mothers in the Breakdown Lane," and Defendants' other
       conduct rejecting Joy's status as a co-author are in conflict with Joy's right to co-
       authorship of the Script under the Copyright Act.

57.    Joy seeks a declaratory judgment from this Court which declares that the Script is a joint
       work and that Joy is a co-author of the Script within the meaning of the Copyright Act, 17
       U.S.C. § 101, *et seq.*

58.    Joy seeks an order of the Court requiring amendment of the Copyright Registration to

provide that Joy is a co-author and claimant of the work named in the Copyright

Registration.

## COUNT II
### (Request for an Accounting)

59.    Plaintiff repeats and incorporates by reference Paragraphs 1 through 58 above as if fully

set forth herein and further states:

60.    As a co-author of the Script within the meaning of the Copyright Act, 17 U.S.C. § 101, *et

seq.*, Joy is entitled to an equal share of all profits generated from use or licensure of the

Script.

61.    By failing to provide Joy with one-third of the profits from any and all use or licensure of

the Script, including, but not limited to licensure or use arising from performance of the

play "Eve-olution" in New York City and/or publication of the script "Eve-olution,"

Defendants have violated their duty to Joy as co-authors under the Copyright Act.

62.    Joy requests that Defendants be ordered to forthwith file and serve on Joy a true, accurate

and complete account of proceeds and/or profits from use and licensure of the Script and

any derivative works created therefrom including, but not limited to the performance of

the play "Eve-olution" in New York City and/or publication of the script "Eve-olution."

## COUNT III
### (False Advertising)
### (15 U.S.C. §1125(a)(1)(B))

63. Plaintiff repeats and incorporates by reference Paragraphs 1 through 62 above as if fully set forth herein and further states:

64. Upon information and belief, Defendants substantially copied from the script "Venus de Minivan: Mothers in the Breakdown Lane" in writing and performing "Eve-olution."

65. Defendants falsely designated the origin of "Eve-olution" by failing to credit Joy as a co-author of the substantially copied work "Venus de Minivan: Mothers in the Breakdown Lane."

66. In violation of § 43 (a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B), Defendants misrepresented the nature, characteristics or qualities of "Eve-olution" in advertisements and promotions by falsely designating Defendants as the only authors of "Evo-lution" and not attributing the work to Joy.

67. Joy has suffered and will continue to suffer substantial damages as a result of Defendants' false designation of origin in advertisements and promotions for "Eve-olution"

## COUNT IV
### (Breach of Oral Contract)

68. Joy repeats and incorporates by reference Paragraphs 1 through 67 above as if fully set forth herein and further states:

69. Joy and Defendants orally agreed that Joy and Defendants were co-authors of the Script.

- 10 -

70.   In consideration of, and in reliance upon, Defendants' promise that Joy was a co-author
      of the Script, Joy participated in creation, authorship and revision of the Script, and
      contributed creative oversight of the Script.

71.   Defendants' oral repudiation of Joy's status as co-author of the Script and their actions
      with regard to licensure and use of the Script and promotion of Eve-olution, as alleged
      above, are inconsistent with Joy's status as a co-author and constitute a breach of their
      oral agreement that Joy is a co-author and would receive royalties.

72.   Joy has suffered, and will continue to suffer, substantial damages as a result of
      Defendants' breach in an amount to be determined by the Court in these proceedings.

## COUNT V
### (Breach of Contract Implied in Fact)

73.   Joy repeats and incorporates by reference Paragraphs 1 through 72 above as if fully set
      forth herein and further states:

74.   Joy and Defendants agreed through oral and written communications that Joy was a co-
      author of the Script.

75.   In consideration of, and in reliance upon, Defendants' promise that Joy was a co-author
      of the Script, Joy participated in creation, authorship and revision of the Script, and
      contributed creative oversight of the Script.

76.   Defendants' oral repudiation of Joy's status as co-author of the Script and their actions
      with regard to licensure and use of the Script and promotion of Eve-olution, as alleged

above, are inconsistent with Joy's status as a co-author and constitute a breach of their agreement that Joy is a co-author and entitled to royalties.

77.   Joy has suffered, and will continue to suffer, substantial damages as a result of Defendants' breach in an amount to be determined by the Court in these proceedings.

## COUNT VI
### (Estoppel)

78.   Joy repeats and incorporates by reference Paragraphs 1 through 77 above as if fully set forth herein and further states:

79.   Defendants assured and promised Joy that she was a co-author of the Script with the intent to induce Joy to continue work on the Script, and knowing that Joy would rely upon this promise and continue work on the Script.

80.   In reliance upon Defendants' promises, Joy participated in creation, authorship and revision of the Script, and contributed creative oversight of the Script.

81.   Defendants are therefore estopped by their conduct and course of dealing with Joy from now disputing and denying Joy status as co-author of the Script and all related rights as agreed.

## Prayer for Relief

WHEREFORE, Joy respectfully requests that this Court enter judgment in favor of Joy on all counts of this Complaint as follows:

1.   Declare that the Script is a joint work within the meaning of the United States Copyright Act, 17 U.S.C. § 101, *et seq.* and that Joy is a co-author of the Script

- 12 -

2.    Order that the registered copyright in "Venus de Minivan: Mothers In The Breakdown Lane," No. PAu-2-761-790, be amended accordingly to include Joy as a co-author and co-claimant;

3.    Order that an accounting take place of any and all proceeds from Defendants' use or licensure of the Script including, but not limited to, performance of the play "Eve-olution" and publication of the script "Eve-olution;"

4.    Enjoin Defendants from future misrepresentation with regard to the Script including, but not limited to, enjoining Defendants from publication of the script "Eve-olution" without making reference to "Venus de Minivan: Mothers in the Breakdown Lane" or Joy;

5.    Alternatively Declare that Joy's contribution to the Script was copyrightable and not assigned, transferred, or subject to a royalty free license (implied or otherwise) to defendants such that she may claim protection for her contribution via registration with the U.S. Copyright Office and otherwise enforce her rights as an author against all parties;

6.    Find in favor of Joy on all of the counts set forth above;

- 13 -

7.      Award Joy her damages incurred as a result of defendants' actions;

8.      Award Joy her costs, including attorneys' fees and interest incurred in this action; and

9.      Award Joy such other and further relief as this court deems just and proper.

## JURY DEMAND

**Plaintiff hereby demands a jury trial on all issues so triable.**

Respectfully submitted

BILLIE JO JOY,

By her attorneys,

Deborah J. Peckham (BBO# 564865)
David M. Glynn (BBO# 650964)
Kirkpatrick & Lockhart
 Nicholson Graham LLP
75 State Street
Boston, MA 02109
(617) 261-3000

Dated: July 27, 2005

- 14 -

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Billie Jo Joy

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _x_    II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
                 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

    ___    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

    ___    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

    ___    V.    150, 152, 153.

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
    None

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
    No

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? No

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? No

7.  DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES No _____ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).  YES No _____

8.  DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?  YES No _____ (a)    IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9.  IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION N/A _____ OR WESTERN SECTION N/A _____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   David M. Glynn
          Kirkpatrick & Lockhart Nicholson Graham LLP
ADDRESS 75 State Street, Boston, MA 02109

TELEPHONE NO. 617-261-3110

(Category.frm - 09/92)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Billie Jo Joy

## DEFENDANTS

Hilary Illick and Jennifer Krier

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David M. Glynn, Esq., Deborah J. Peckham, Esq.
Kirkpatrick & Lockhart Nicholson Graham LLP
75 State Street
Boston, MA 02109    617-261-3100

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury — Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☒ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS — Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

17 U.S.C. Sec. 101, et seq., U.S.C. 1367. Plaintiff seeks declaratory judgment that she is a co-author of the theatrical script "Venus de Minive**a**n, Mothers in the Breakdown Lane" and that said script is a joint work pursuant to the above-referenced statutes.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $Declaratory  CHECK YES only if demanded in complaint:
judgment and accounting  **JURY DEMAND:**  ☒ YES  ☐ NO
or profits

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____    DOCKET NUMBER _____

DATE
7/29/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**FEE CHANGES**
Fees are effective through June 30, 2002. After that date, check the Copyright Office Website at www.loc.gov/copyright or call (202) 707-3000 for current fee information.

133112856

**FORM PA**
For a Work of the Performing Arts
UNITED STATES COPYRIGHT OFFICE

R

PAu 2–761–790

*PAu000276..1790*

EFFECTIVE DATE OF REGISTRATION

| 4 | 11 | 03 |
|---|----|----|
| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

**TITLE OF THIS WORK ▼**
Venus de Minivan: Mothers in Overdrive

**PREVIOUS OR ALTERNATIVE TITLES ▼**
Venus de Minivan: Mothers in the Breakdown Lane

**NATURE OF THIS WORK ▼** See instructions
Drama

---

**2**

**a**
**NAME OF AUTHOR ▼**
Jennifer Krier

**DATES OF BIRTH AND DEATH**
Year Born ▼  Year Died ▼
11-7-1963

Was this contribution to the work a "work made for hire"?
[ ] Yes
[X] No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? [ ] Yes [X] No
Pseudonymous? [ ] Yes [X] No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Coauthor of words, scenes, characters, story and dramatization

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**
**NAME OF AUTHOR ▼**
Hilary Illick

**DATES OF BIRTH AND DEATH**
Year Born ▼  Year Died ▼
9-15-1964

Was this contribution to the work a "work made for hire"?
[ ] Yes
[X] No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? [ ] Yes [X] No
Pseudonymous? [ ] Yes [X] No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Coauthor of words, scenes, characters, story and dramatization

**c**
**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼  Year Died ▼

Was this contribution to the work a "work made for hire"?
[ ] Yes
[ ] No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? [ ] Yes [ ] No
Pseudonymous? [ ] Yes [ ] No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

---

**3**

**a**
**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
2003 ◀ Year

**b**
**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶   Day ▶   Year ▶   ◀ Nation

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Jennifer Krier, 20 Stone Rd, Belmont, MA 02478
Hilary Illick, 165 Common St, Belmont, MA 02478

See instructions before completing this space.

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
APR 11 200?
ONE DEPOSIT RECEIVED
APR 11 7005?
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶**
• Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions.
• Sign the form at line 8.

**DO NOT WRITE HERE**
Page 1 of 2 pages

*Character(s) as such not registrable; registration based on deposited authorship describing, depicting, or embodying the character(s).Compendium II of C.O. Practices 202.02(1).

| EXAMINED BY | *mh* | FORM PA |
|---|---|---|
| CHECKED BY | | |
| CORRESPONDENCE ☐ Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼ If your answer is "no," go to space 7.
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼     Year of Registration ▼     **5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼     **a**     **6**

See instructions before completing this space

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼     **b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼     Account Number ▼     **a**     **7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent     Name/Address/Apt/City/State/ZIP ▼     **b**

Jennifer Krier/20 Stone Rd/Belmont/MA /02478

Area code and daytime telephone number ▶ (617) 484-8552     Fax number ▶ ( )
Email ▶ jenkrier @earthlink. net

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▶
☒ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.     **8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Jennifer Krier / Hilary Illick     Date ▶ 3/25/03

Handwritten signature (X) ▼

*Jennifer M. Krier*     *Hilary S Illi*

| Certificate will be mailed in window envelope to this address: | Name ▼ Jennifer Krier | YOU MUST: • Complete all necessary spaces • Sign your application in space 8 SEND ALL 3 ELEMENTS IN THE SAME PACKAGE: 1. Application form 2. Nonrefundable filing fee in check or money order payable to Register of Copyrights 3. Deposit material MAIL TO Library of Congress Copyright Office 101 Independence Avenue, S.E Washington, D.C. 20559-6000 | As of July 1, 1999, the filing fee for Form PA is $30. |
|---|---|---|---|
| | Number/Street/Apt ▼ 20 Stone Road | | |
| | City/State/ZIP ▼ Belmont MA   02478 | | |

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.     ⊕ PRINTED ON RECYCLED PAPER     ☆U.S. GOVERNMENT PRINTING OFFICE: 2000-461-113/20,002
August 2000—200,000
WEB REV: June 1999