# Exhibit A

Agreement between Artists Jennifer Krier, Billie Jo Joy, and Hilary Illick
For production of *Venus De MiniVan*
November/December 2002
Art and Soul, Cambridge, MA

- We three women, Billie Jo Joy, Jennifer Krier, and Hilary Illick all want to create the space where we're all three empowered.

- On published versions of the script *Venus de Mini Van, Mothers in the Breakdown Lane* the credits will read: Written by Hilary Illick and Jennifer Krier, Original Production developed with and directed by Billie Jo Joy.

- Through December 2002 Jennifer Krier and Hilary Illick are hiring Billie Jo Joy at the rate of $60/hour to direct the play *Venus de Minivan*, guide Krier and Illick in authentic movement, stage the scenes, lead voice work, and teach acting. During her paid hours, Billie Jo Joy offers script input. Hilary Illick and Jennifer Krier agree to pay for 32 hours between November 13th and December 14th. If the need arises for additional hours, they will need to be negotiated between Jennifer Krier, Hilary Illick and Billie Jo Joy.

- Proceeds from the five scheduled performances will go to Hilary Illick and Jennifer Krier (Venus De Mini Van Collaborative for Creative Expression) to offset production expenses.

- Jennifer and Hilary intend to send the script to an agent in New York to have it published. Jennifer Krier, Hilary Illick and Billie Jo Joy agree to meet in the month of January to create a contract to determine the percentage profits from the published script. It is the intention of Hilary Illick, Jennifer Krier, and Billie Jo Joy to recognize, in terms of percentages, the valuable creative contributions that have brought this work into being. As of November 14, 2002 we are discussing a percentage range of 12.5% - 25% of profits for Billie Jo Joy for her work as director and assistance with Hilary and Jennifer in developing the script--the former figure proposed by Hilary Illick and Jennifer Krier, and the latter proposed by Billie Jo Joy. We need to seek advice on such a contract and understand the terms and definitions of net and gross profit for this endeavor. We will continue this conversation and reach agreement in the month of January 2003.

- If the play goes into further production Hilary, Jennifer, and Billie Jo will need to come up with another letter of agreement for such a project.

Billie Jo Joy

Hilary Illick

Jennifer Krier

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BILLIE JO JOY,<br><br>Plaintiff,<br><br>v.<br><br>HILARY ILLICK and<br>JENNIFER KRIER,<br><br>Defendants. | Civil Action No. 05 11580 NMG |

### ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND
### OF DEFENDANTS HILLARY ILLICK AND JENNIFER KRIER

Hilary Illick ("Illick") and Jennifer Krier ("Krier"), Defendants in the above matter (collectively, "Defendants"), answer the allegations in the numbered paragraphs of the Complaint of Plaintiff Billie Jo Joy ("Joy" or "Plaintiff") as follows:

### Parties

1. Defendants admit on information and belief that Plaintiff is a resident of Cambridge but otherwise are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph. To the extent the allegations in this paragraph call for a legal conclusion, no response is required and none given.

2. Defendants admit that Illick permanently resides at 165 Common Street in Belmont, Massachusetts. To the extent the allegations in this paragraph call for a legal conclusion, no response is required and none given.

3. Defendants admit that Krier permanently resides at 20 Stone Road in Belmont, Massachusetts. To the extent the allegations in this paragraph call for a legal conclusion, no response is required and none given.

### Jurisdiction and Venue

4-6. The allegations in paragraphs 4 through 6 contain Plaintiff's characterization of this case and assert legal conclusions, to which no response is required and none given.

### Facts

**I. Drafting the Script**

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

8. Defendants admit that they hired Plaintiff in 2002 to assist as a director and choreographer in staging a play they were writing about their experiences as women and mothers. Defendants deny the remaining allegations of this paragraph.

9. Defendants admit that they hired Plaintiff because of her purported experiences as a choreographer and director. Defendants deny the remaining allegations of this paragraph.

10. Defendants admit that beginning in the spring of 2002, they provided Plaintiff with a copy of the script they had written. Defendants deny the remaining allegations of this paragraph.

11-12. As part of the staging process, Defendants provided to Plaintiff scenes Defendants had written so Plaintiff could help stage, choreograph and direct them.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraphs 11-12.

13.   Denied.

14.   Denied.

15.   Denied.

16.   Denied.

17-18.   Defendants admit that they met with Plaintiff in 2002 where Plaintiff (for pay) assisted in choreographing, directing and staging the play, which Defendants were solely responsible for writing. Defendants deny the remaining allegations of paragraphs 17-18.

19.   Defendants admit that they met with Plaintiff periodically between April and mid-June, in September and in mid-November, 2002, so that they could obtain Plaintiff's assistance in choreographing, directing and staging the play. At all times, Defendants paid Plaintiff an agreed-upon hourly wage for her services. Defendants did not meet with Plaintiff to work on the play from mid-June through August, 2002, nor did they meet with Plaintiff from approximately October 3 until November 12, 2002, because Plaintiff was in France engaged in an unrelated activity. Defendants deny the remaining allegations of this paragraph.

20-22.   Defendants admit that Plaintiff made non-writing contributions to the play as the paid director. Plaintiffs deny the remaining allegations of paragraphs 20-22.

23.   Denied.

24.   Denied.

25. Defendants admit that on June 14, 2002, they performed a staged reading of a draft of their play in Cambridge, Massachusetts. Defendants deny the remaining allegations of this paragraph.

26. Denied.

27. Defendants admit that they, not Plaintiff, made further writing revisions to their play after the June 2002 staged reading. Defendants deny the remaining allegations of this paragraph.

28. Defendants admit that they performed their play for the first time on November 22, 2002. Defendants deny the remaining allegations of this paragraph.

29. Defendants admit that they conducted performances of the play "Venus de Minivan: Mothers in the Breakdown Lane" in November and December 2002. Defendants deny the remaining allegations of this paragraph.

II. **Agreement to Attribution and Royalties**

30. Denied.

31. Defendants admit that Plaintiff raised the issue of her possibly receiving a share of the royalties from the publication of the play, but Defendants opposed that idea, especially since they were paying Plaintiff for all her services at her rate of $60 per hour. Defendants and Plaintiff never reached an agreement as to royalties. The results of their discussion about royalties is reflected in the written Agreement relating to the credits for the play and the payment terms for Plaintiff's work on the play, which is attached hereto at Exhibit A and speaks for itself. Notably, Plaintiff does not once mention the Agreement in her Complaint; the Agreement unequivocally establishes that Defendants,

not Plaintiff, wrote the play. Defendants deny the remaining allegations of this paragraph.

32. Defendants admit that they included a copyright notice on the play properly identifying Defendants alone as the co-authors. Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph and on those grounds deny the remaining allegations.

33. Denied.

34. Denied.

35. Denied.

36-37. Defendants admit that Plaintiff communicated with them after the final performance of the play in Cambridge, Massachusetts concerning potential payment to Plaintiff of some percentage of royalties from publication of the play. Defendants did not agree with Plaintiff as to royalties. Defendants consistently and repeatedly informed Plaintiff, and it was clear from the circumstances, that Defendants alone were the authors of the play. Defendants deny the remaining allegations of paragraphs 36-37.

### III. Use of the Script

38. Defendants admit that the play authored by Defendants titled "Eve-olution" was performed at the Cherry Lane Theater in New York City in 2004. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's "discovery" of the performance of "Eve-olution." Defendants deny the remaining allegations of this paragraph.

39.   The allegations in this paragraph call for a legal conclusion to which no response is required. To the extent an answer is required, denied.

40.   The allegations of this paragraph call for a legal conclusion to which no response is required. To the extent an answer is required, Defendants admit that they authorized the play they wrote titled "Eve-olution" to be performed at the Cherry Lane Theatre. Defendants deny the remaining allegations of this paragraph.

41.   Admitted. Defendants admit that there were promotional and advertising activities concerning performances of the play "Eve-olution." Defendants deny the remaining allegations of the paragraph.

42.   Admitted.

43.   Denied. In further response to the allegations of this paragraph, Defendants state that the published play titled "Eve-olution" states that it "was originally performed by the authors as 'Venus de Minivan' developed with and directed by Billie Jo Joy at Art & Soul in Cambridge, Massachusetts in 2002."

44.   Admitted.

45.   Defendants admit that a valid copyright registration for the play Defendants authored is on file with the United States Copyright office; that copyright registration, which speaks for itself, is attached to the Complaint as Exhibit A. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.

46.   The allegations of this paragraph concern a document which speaks for itself.

47.   Denied.

48.  The allegations of this paragraph concern a document which speaks for itself.

49.  Defendants admit that they are the authors of a published play titled "Eve-olution." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.

50.  Denied. Defendants further state that the texts of the plays "Venus de Minivan" and "Eve-olution," authored by Defendants, speak for themselves.

51.  Denied. In further response to the allegations of this paragraph, Defendants state that the published play entitled "Eve-olution" states that the play "was originally performed by the authors as 'Venus de Minivan' developed with and directed by Billie Jo Joy at Art & Soul in Cambridge, Massachusetts in 2002."

52.  Admitted.

## COUNT I
(Declaratory Judgment: Co-Authorship)
(28 U.S.C. § 2201, 17 U.S.C. § 101 et seq.)

53.  Defendants incorporate by reference paragraphs 1 through 52, supra.

54.  The allegations in paragraph 54 contain Plaintiff's characterization of this case and assert legal conclusions, to which no response is required and none given. To the extent a response is deemed required, Defendants deny these allegations and hold Plaintiff to her burden of proof at trial.

55-56.  Denied.

57-58.  The allegations in paragraphs 57 through 58 contain Plaintiff's characterization of this case and assert legal conclusions, to which no response is required

and none given. To the extent a response is deemed required, Defendants deny these allegations and hold Plaintiff to her burden of proof at trial.

## COUNT II
### (Request for an Accounting)

59.   Defendants incorporate by reference paragraphs 1 through 58, supra.

60-61.   Denied.

62.   The allegations in paragraph 62 contain Plaintiff's characterization of this case and assert legal conclusions, to which no response is required and none given. To the extent a response is deemed required, Defendants deny these allegations and hold Plaintiff to her burden of proof at trial.

## COUNT III
### (False Advertising)
### (15 U.S.C. § 1125(a)(1)(B))

63.   Defendants incorporate by reference paragraphs 1 through 62, supra.

64.   The allegations in paragraph 64 contain a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

65-67.   Denied.

## COUNT IV
### (Breach of Oral Contract)

68.   Defendants incorporate by reference paragraphs 1 through 67, supra.

69-72.   Denied.

## COUNT V
### (Breach of Contract Implied in Fact)

73.   Defendants incorporate by reference paragraphs 1 through 72, supra.

74-77.   Denied.

## COUNT VI
### (Estoppel)

78.  Defendants incorporate by reference paragraphs 1 through 77, supra.

79-80.  Denied.

81.  The allegations in paragraph 81 contain Plaintiff's characterization of this case and assert legal conclusions, to which no response is required and none given. To the extent a response is deemed required, Defendants deny these allegations and hold Plaintiff to her burden of proof at trial.

Further answering, Defendants deny that Plaintiff has any right or entitlement to the prayers for relief sought by Plaintiff set forth in ¶¶ 1-9 thereof, and asks that all of them be denied in their entirety.

And, by way of further answer, Defendants present the following affirmative defenses to Plaintiff's claims:

### FIRST AFFIRMATIVE DEFENSE

Defendants authored the autobiographical work themselves based on their own lives and the lives of their husbands and children. Defendants were both published writers (Plaintiff was not), and Defendants were able to and did write the play themselves. Plaintiff did not write any part of the work. Significantly, Defendants and Plaintiff entered into a written agreement concerning their respective credits for their involvement in the work and the terms for Plaintiff's payment for services rendered to Defendants. That written agreement explicitly provides that Defendants alone shall be credited as the writers of the work, which reflects the parties' clear understanding that Plaintiff did not write the work, but served instead as the director. Plaintiff also participated in creating promotional materials for the performance of the work in Cambridge, Massachusetts, which also explicitly state that the work was written by Defendants. Thus, Plaintiff has absolutely no basis for any of her claims which are based on her false and frivolous contention that she co-authored the work.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims to being an author must fail because Plaintiff did not provide any contribution that possessed the requisite level of originality for copyright protection.

9

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims to entitlement of copyright protection must fail because none of Plaintiff's alleged individual elements of creative imagination constitute copyrightable subject matter, nor have any such elements been reduced to a separable tangible form.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim to a joint work must fail because there was never any *mutual* intent between Plaintiff and Defendants that their respective contributions be merged into inseparable parts of a unitary whole. See Thomson v. Larson, 147 F.3d 195 (2d Cir. 1998); Childress v. Taylor, 945 F.2d 500 (2d Cir. 1991).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims to ownership of a copyright in Defendants' work must fail because any alleged input by Plaintiff in the preparation of Defendants' work was as a paid agent of Defendants and such input was in the nature of a specially-commissioned work-for-hire pursuant to a written agreement.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail because Defendants timely and properly registered and recorded their copyright(s) and provided fair and proper notice of their copyright(s).

### SEVENTH AFFIRMATIVE DEFENSE

Defendants hereby demand the full recovery of their attorneys' fees to which they are found entitled as the prevailing parties in this action pursuant to 17 U.S.C. § 505.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail because she has suffered no actual damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on the doctrines of waiver, estoppel, unclean hands and laches.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to the existence of a contract executed by Plaintiff in 2002 admitting that Defendants were the sole authors of the works placed at issue in this litigation, and that they alone were entitled to a writer's credit.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she received payment in full for her services in connection with her work in the play entitled "Venus de Minivan" and she did not provide any work in connection with the play entitled "Eve-olution."

### TWELFTH AFFIRMATIVE DEFENSE

Defendants hereby demand all available relief pursuant to M.G.L. c. 231 § 6F on the grounds that all or substantially all of Plaintiff's claims in this lawsuit are wholly insubstantial, frivolous and not advanced in good faith.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief may be granted.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's false advertising claim must fail because, as Plaintiff is not a co-author of the work, there is no falsehood or misrepresentation.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's false advertising claim must fail because no statements by Defendants concerning authorship materially influenced any consumers of "Eve-olution."

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, should be barred or diminished by her failure to mitigate.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages are or may be precluded by Plaintiff's failure to properly and timely register her alleged copyrights.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims based on her alleged contractual rights must fail due to the lack of an agreement or meeting of the minds; and a lack of definiteness to any material terms of such alleged agreement.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to offer additional defenses which cannot now be articulated due to Plaintiff's failure to particularize her claims; or due to the fact that Defendants do not have copies of documents or other critical evidence at this time; or due to Plaintiff's failure to provide more specific information concerning the nature of the Plaintiff's claims. Upon further particularization of the claims by Plaintiff; or upon discovery of further information concerning the Plaintiff's claims, Defendants reserve the right to assert additional defenses.

**WHEREFORE**, Defendants respectfully request that this Court grant judgment in their favor:

a. dismissing the Complaint as to Defendants with prejudice;

b. declaring that the Defendants are not liable under any of the counts alleged in this case because Defendants are the sole and exclusive owners of copyright in all protected elements of the work;

c. awarding to Defendant all recoverable costs of this action, including reasonable attorneys' fees as may be allowed by applicable contract or statute; and

d. for all such other or further relief as may appear just and proper to the Court.

### JURY DEMAND

Defendants hereby demand a trial by jury on all counts so triable.

                                    Respectfully submitted,

                                    Defendants
                                    HILARY ILLICK and
                                    JENNIFER KRIER,
                                    By their attorneys,

                                    /s/ Nicholas B. Carter
                                    Nicholas B. Carter, Esq. (BBO # 561147)
                                    Raymond P. Ausrotas (BBO # 640315)
                                    Todd & Weld LLP
                                    28 State Street, 31st Floor
                                    Boston, MA  02109
                                    (617) 720-2626 telephone
                                    (617) 227-5777 facsimile
                                    ncarter@toddweld.com

Dated:  March 7, 2006

## CERTIFICATE OF SERVICE

     I, Nicholas B. Carter, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date:  March 7, 2006                /s/ Nicholas B. Carter