UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BILLIO JO JOY,<br><br>    Plaintiff,<br><br>    v.<br><br>HILARY ILLICK and<br>JENNIFER KRIER,<br><br>    Defendants. | Civil Action No. 05 11580 NMG |

## DEFENDANTS' MOTION TO DISQUALIFY

Defendants Hilary Illick ("Illick") and Jennifer Krier ("Krier") respectfully request that this Court disqualify the law firm of Kirkpatrick & Lockhart ("K&L") from representing Plaintiff Billie Jo Joy ("Joy") in the above-captioned lawsuit on the ground that K&L has a preexisting attorney-client relationship with Defendants, and the resulting serious conflict of interest has not been effectively waived by Defendants. In support of this motion, Defendants incorporate the Affidavits of Illick, Pierre Valette, and Robert Cosinuke, and the accompanying Memorandum. Defendants further state:

    1.    Prior to its representation of Plaintiff, K&L obtained sensitive information relating to Defendants' litigation and settlement strategy through one of K&L's partners, Attorney Thomas Holt ("Attorney Holt"), who has social and professional dealings with Defendants and their husbands and who has had several discussions about the substance of the lawsuit with them. All of these communications are imputed to K&L.

2

2.   In a letter to Illick, K&L recognized the existence of an attorney-client relationship and asked her to sign a waiver so K&L could continue to represent Plaintiff in this lawsuit against Illick and Krier. Significantly, K&L did not disclose to Illick that they were representing Plaintiff on a pro bono basis and that Plaintiff would have a clearly unfair advantage against Illick and Krier who have to pay for their legal representation. Accordingly, K&L never obtained informed consent from Illick.

3.   Of equal significance, K&L agreed as a condition of the waiver that Attorney Holt would not have any further communications about the lawsuit with Defendants or their husbands. However, shortly after obtaining the purported waiver, Attorney Holt had substantive communications about the lawsuit and settlement with Cosinuke, Krier's husband.

4.   K&L, therefore, breached the purported waiver agreement and disregarded the ethical rules governing conflicts of interest and communications with parties represented by other counsel. As a result, K&L has improperly obtained confidential information relating to this lawsuit which prejudices Illick's and Krier's ability to defend against Plaintiff's claims.

5.   Accordingly, as the only fair remedy, K&L should be disqualified from representing Plaintiff in this case pursuant to the ethical rules and standards articulated in Mass. R. Prof. Conduct 1.7 and in Bays v. Theran, 418 Mass. 685 (1994).

WHEREFORE, Illick and Krier respectfully request that the Court:

a)   disqualify K&L from this case given their conflict of interest and the prejudice that conflict has caused and may continue to cause to Illick and Krier; and

b) grant such other relief as the Court deems just and appropriate.

### REQUEST FOR HEARING

Defendants hereby request a hearing on this matter.

>Defendants
>HILARY ILLICK and
>JENNIFER KRIER,
>By their attorneys,
>
>_____
>Nicholas B. Carter, Esq. (BBO# 561147)
>Raymond P. Ausrotas, Esq. (BBO# 640315)
>Todd & Weld LLP
>28 State Street, 31st Floor
>Boston, MA 02109
>(617) 720-2626
>ncarter@toddweld.com

Dated: April 10, 2006

### CERTIFICATE OF SERVICE

I, Nicholas B. Carter, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date: April 10, 2006                    /s/ Nicholas B. Carter

3