UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BILLIE JO JOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05 11580 NMG |
| ) | |
| HILARY ILLICK and ) | |
| JENNIFER KRIER, ) | |
| ) | |
| Defendants. ) | |

**AFFIDAVIT OF HILARY ILLICK IN SUPPORT
OF MOTION TO DISQUALIFY**

I, Hilary Illick, depose and state as follows:

1. I am over the age of 18, and make this Affidavit voluntarily and of sound mind, based upon personal knowledge of the matters described.

2. In early 2005, my husband, Pierre Valette, and I, together with Jennifer Krier, had a conversation with Attorney Tom Holt regarding the substance of this lawsuit.

3. After this lawsuit was served on us, Kirkpatrick & Lockhart ("K&L") sent a letter to me, dated August 19, 2005, that K&L was "concerned that the conversation ... gave rise to an attorney-client relationship between Ms. Illick and [K&L] relating to this dispute," and stated that "this law firm may proceed only if we obtain the consent, or waiver, of the clients after consultation with them." A copy of this letter is attached as Exhibit A.

4. It was my belief that if I signed this waiver, K&L would work to resolve the dispute amicably and that it would not go any further in litigation. I had this belief because Attorney Holt of K&L had told my husband "not to worry about" the lawsuit and that Holt "would do what he could to get this resolved quickly."

5. I understood from the letter that under the waiver, Mr. Holt would "have no conversations with the Defendants or their respective family members regarding the substance of this dispute." Based on this representation, along with the one about a prompt settlement, I signed the waiver. K&L never informed me before I signed the waiver that they were representing Billie Jo Joy on a *pro bono* basis.

2

6. My friend and codefendant in this lawsuit, Jennifer Krier, was not asked to sign this waiver and to my knowledge has not been contacted by K&L for any such purpose.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 10 DAY OF APRIL, 2006.

*Hilary Illick*

Hilary Illick
165 Common Street
Belmont, MA  02478

/s/ Hilary Illick

Dated: April 10, 2006

# Exhibit A

**KL**
**Kirkpatrick & Lockhart Nicholson Graham LLP**

75 State Street
Boston, MA 02109-1808
617.261.3100
Fax 617.261.3175
www.klng.com

August 19, 2005

David M. Glynn
617.261.3254
Fax: 617.261.3175
dglynn@klng.com

**First Class Mail**

Billie Jo Joy
2 Sherman Street Apt. 3
Cambridge, MA 02138

Hilary Illick
ATTN: John Eastman, Esq.
Eastman & Eastman
39 West 54th Street
New York, NY 10019

Re: Billie Jo Joy v. Jennifer Krier and Hilary Illick; CA No. 05-ca-11580 (NMG)

Dear Billie Jo and Hilary:

I am writing to address the conflict of interest that has arisen in the course of the above-referenced litigation and to seek your waiver of that conflict. By way of background, in or around April of 2005, Billie Jo Joy hired Kirkpatrick & Lockhart Nicholson Graham LLP ("law firm") to represent her in the above-referenced litigation. Since that time, I, along with Deborah Peckham, have been representing Ms. Joy. In early August, 2005, following service of Ms. Joy's Summons and Complaint upon defendants Hilary Illick and Jennifer Krier, it came to light that Ms. Illick, and her husband, prior to Ms. Joy's hiring this law firm to represent her, had engaged in an informal conversation with another attorney at this law firm, Tom Holt, potentially regarding the substance of this dispute. Although Mr. Holt believes in good faith that no confidential information was passed to him during that informal conversation, the firm is concerned that the conversation nevertheless gave rise to an attorney-client relationship between Ms. Illick and this law firm relating to this dispute. As Ms. Joy and Ms. Illick are adverse to each other in the above-referenced litigation, a conflict of interest exists under the Massachusetts Rules of Professional Conduct.

Under Rule 1.7 of the Massachusetts Rules of Professional Conduct this law firm may proceed only if we obtain the consent, or waiver, of the clients after consultation with them. Based upon telephone conversations with Ms. Illick's current attorney, John Eastman, of the New York law firm Eastman and Eastman, we understand that Ms. Illick is willing to waive the conflict and allow this law firm to continue to represent only Ms. Joy. We further understand that Ms. Joy is willing to waive the conflict so that we may continue our representation of her in this dispute.

BOS 889470 v3
BOSTON • DALLAS • HARRISBURG • LONDON • LOS ANGELES • MIAMI • NEWARK • NEW YORK • PALO ALTO • PITTSBURGH • SAN FRANCISCO • WASHINGTON



**Kirkpatrick & Lockhart Nicholson Graham** LLP

Billie Jo Joy
Hilary Illick
August 19, 2005
Page 2

The parties each have suggested that they are willing to discuss and are interested in amicable resolution of this dispute. For the avoidance of doubt, in the event amicable resolution of this matter is not forthcoming, after execution of this waiver, the parties acknowledge and agree that the firm will only represent Ms. Joy in this dispute and that Mr. Holt will have no conversations with the defendants or their respective family members regarding the substance of this dispute.

We understand that both Ms. Joy and Ms. Illick have sought the advice of counsel independent from this law firm as to whether they wish to consent to this law firm's representation of Ms. Joy alone, and whether to waive the conflict that exists. If, after such consultation, the above terms are satisfactory to you and accurately state your understanding of your waiver of the conflict of interest posed by the engagement, please sign below on the signature line provided.

I agree that Kirkpatrick & Lockhart Nicholson Graham LLP will represent Ms. Joy alone in the above-referenced litigation:

_____          Date
Billie Jo Joy

_Hilary Illick_ (signed)            August 25, 2005
Hilary Illick                        Date

Sincerely,

_David M. Glynn_ (signed)
David M. Glynn

Cc: Deborah J. Peckham, Esq.

DMG: