UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BILLIE JO JOY,<br><br>    Plaintiff,<br><br>v.<br><br>HILARY ILLICK and<br>JENNIFER KRIER,<br><br>    Defendants. | Civil Action No. 05 11580 NMG |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, Defendants Hilary Illick ("Illick") and Jennifer Krier ("Krier") (collectively, "Defendants") respectfully move for judgment in their favor on all counts of Plaintiff's complaint. Defendants incorporate by reference their Concise Statement of Facts, their Affidavits, and supporting Memorandum, filed contemporaneously with this Motion.

In support of this Motion, Defendants state:

1. Plaintiff's claims, which are based on her allegation that she co-authored the play, must be rejected as a matter of law in light of the undisputed facts which show that the parties viewed Illick and Krier as the writers of the play and Plaintiff as a paid director.

2. Prior to the performance of the play in Cambridge, Massachusetts, Plaintiff arranged for the parties to enter a written Agreement in which Plaintiff acknowledged that Defendants were the sole writers of the work. The express terms of this contract should as a matter of law end Plaintiff's frivolous claim that she co-authored the play.

3.  Plaintiff's copyright claim should also be firmly rejected in light of the undisputed and overwhelming evidence regarding the parties' understanding of who authored the play. Under established copyright law, "each putative co-author must intend to be a co-author in order to give rise to a co-author relationship." Thomson v. Larson, 147 F.3d 195, 202 n.20 (2d. Cir. 1998). Co-authorship is not established merely by the fact that one person, who is not a principal author, contributes in some way to the final work. Here, there can be no dispute about the fact that Illick and Krier never intended that Plaintiff would be a co-author, as reflected by, inter alia, the text of the written Agreement with Plaintiff and the agreed-upon billing for the play which described Illick and Krier as the sole writers. Illick's and Krier's intent is further confirmed based on their registration of the copyright in the play, their complete control over the script as it was written, and the agreements they entered into with third parties concerning the publication and production of the play. Accordingly, Plaintiff's copyright claim should be rejected.

4.  All of Plaintiff's other claims derive from her spurious co-authorship claim and, therefore, they also should fail.

**WHEREFORE**, Defendants hereby move that the Court enter summary judgment in their favor on all of Plaintiff's claims, and for all other relief the Court deems appropriate, including but not limited to the assessment of attorney's fees and costs required to prepare this Motion, as allowed by 17 U.S.C. § 505 and M.G.L. c. 231, § 6F.

## REQUEST FOR HEARING

Defendants hereby request a hearing on this matter.

Respectfully submitted,

Defendants,

HILARY ILLICK and
JENNIFER KRIER,
By their attorneys,

/s/ Nicholas B. Carter
Nicholas B. Carter, Esq. (BBO# 561147)
Raymond P. Ausrotas (BBO# 640315)
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA  02109
(617) 720-2626
ncarter@toddweld.com

Dated: April 10, 2006

### CERTIFICATE OF SERVICE

I, Nicholas B. Carter, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date: April 10, 2006                    /s/ Nicholas B. Carter

3