UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BILLIE JO JOY,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>HILARY ILLICK and<br>JENNIFER KRIER,<br><br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 05 11580 NMG

## DEFENDANTS' PARTIAL OPPOSITION
## TO PLAINTIFF'S MOTION FOR EXTENSION
### (Hearing Requested)

Defendants Hilary Illick ("Illick") and Jennifer Krier ("Krier") (collectively,

"Defendants") oppose Plaintiff's motion for an extension to the extent that it seeks any

additional time to respond to Defendants' motion to disqualify.[1] Defendants assent to an

extension of time until May 5, 2006 for any opposition to their motion for summary

judgment. In support of this partial opposition, Defendants state:

1.　　Plaintiff's lawsuit is based entirely upon the allegation that she is a

putative "co-author" of a play that was written by Illick and Krier about their intensely

personal experiences with motherhood. As discussed more fully in Defendants' motion

for summary judgment, Plaintiff's lawsuit is frivolous. In 2002, Plaintiff signed a written

agreement, attached as Exhibit A, which stated in clear and unequivocal terms that the

credits for the play should read: **"Written by Hilary Illick and Jennifer Krier,**

---

[1] Defendants did offer to extend the deadline to oppose the motion to disqualify by a couple of days so that Plaintiff's counsel weekend would not be disrupted, if that were an issue, and offered to discuss the issue with Plaintiff's counsel. Plaintiff's counsel did not respond.

developed with and directed by Billie Jo Joy" (emphasis added). Given this clear and

binding manifestation of the parties' mutual intent as to authorship, it is difficult to

fathom how Plaintiff can contend that she was a co-author and is entitled to benefits

associated with joint ownership of the play. This and other undisputed facts should

dispose of all of Plaintiff's claims as a matter of law. See, e.g. Childress v. Taylor, 945 F.2d

500, 508-509 (2nd Cir. 1991) (claimant seeking authorship rights must show that other authors

viewed claimant as a co-author and intended her to receive equal ownership rights to the play).

      2.     Plaintiff has had more than ample notice of the issues raised by both of the

pending motions, and Defendants' intent to vigorously pursue them. Defendants' counsel

raised the disqualification issue with Plaintiff's counsel more than four months ago, and

again before filing the instant motion to disqualify. See, e.g. correspondence dated April

6, 2006, attached as Exhibit B. During the "meet and confer" teleconference on the

disqualification issue, Plaintiff's counsel rejected that the disqualification issue had merit,

and stated that they had a "different view of the facts." At no time before now has

Plaintiff's counsel ever indicated any need for additional time to consider or investigate

"*how* to respond" to the disqualification issue, which they suggest is the cause for delay

in answering the present motion.

      3.     As discussed fully in Defendants' motion to disqualify, Plaintiff's counsel

have an irreconcilable conflict of interest. The issue is cut and dried. Plaintiff's counsel

has had more than ample time to make that determination and prepare to defend and

articulate their position on this motion. Defendants are concerned that Plaintiff is asking

for additional time to answer the motion to disqualify for a purpose that may give

Plaintiff an unfair strategic advantage. Defendants sought clarification regarding the

grounds for Plaintiff's request but received none other than the Plaintiff's draft motion. See correspondence dated April 20, 2006, attached as Exhibit C, and Plaintiff's reply correspondence enclosing draft motion, attached as Exhibit D.

4.      Illick and Krier, who are artists and full-time mothers, have already been forced to incur significant legal expenses to defend against Plaintiff's overreaching and meritless claims, with respect to a play that lost money at substantial personal cost to Illick and Krier, though not to Plaintiff who did not invest in the play and demanded and was paid in full for all of her time as a director. Defendants are concerned that extending the time to answer the motion to disqualify will result in further financial burden to them. This is not an issue for Plaintiff who is being represented by a national firm on a pro bono basis.

5.      In the absence of any further information, Defendants do not see a reasonable basis for agreeing to additional time for Plaintiff to oppose the motion to disqualify. There is no complicated factual or legal issue with regard to Defendants' motion to disqualify. On these grounds, Defendants oppose Plaintiff's motion for an extension as to that motion. As noted previously, Defendants assent to an extension of time until May 5, 2006 for any opposition to be filed on their motion for summary judgment. [2]

---

[2]      Under Fed. R. Civ. Proc. 56(b) a party may move for summary judgment "at any time." To the extent that Plaintiff's motion indicates that additional costly discovery is necessary or appropriate, Defendants fully contest this proposition given the factual background of this case

## CONCLUSION

Defendants oppose Plaintiff's motion seeking an extension on

their motion to disqualify, and ask that this Court deny Plaintiff's motion to extend

accordingly.

## REQUEST FOR HEARING

Defendants hereby request a hearing on this matter.

Respectfully submitted,

HILARY ILLICK and
JENNIFER KRIER,
By their attorneys,

/s/ Nicholas B. Carter
Nicholas B. Carter, Esq. (BBO# 561147)
Raymond P. Ausrotas (BBO# 640315)
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA  02109
(617) 720-2626
ncarter@toddweld.com

Dated:  April 21, 2006

## CERTIFICATE OF SERVICE

I, Nicholas B. Carter, hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper
copies will be sent to those indicated as non-registered participants on this date.

Date:  April 21, 2006                        /s/ Nicholas B. Carter

# Exhibit A

Agreement between Artists Jennifer Krier, Billie Jo Joy, and Hilary Illick
For production of *Venus De MiniVan*
November/December 2002
Art and Soul, Cambridge, MA

- We three women, Billie Jo Joy, Jennifer Krier, and Hilary Illick all want to create the space where we're all three empowered.

- On published versions of the script *Venus de Mini Van*, *Mothers in the Breakdown Lane* the credits will read: Written by Hilary Illick and Jennifer Krier, Original Production developed with and directed by Billie Jo Joy.

- Through December 2002 Jennifer Krier and Hilary Illick are hiring Billie Jo Joy at the rate of $60/hour to direct the play *Venus de Minivan*, guide Krier and Illick in authentic movement, stage the scenes, lead voice work, and teach acting. During her paid hours, Billie Jo Joy ~~edited~~ script input, Hilary Illick and Jennifer Krier agree to pay for 32 hours between November 13th and December 14th. If the need arises for additional hours, they will need to be negotiated between Jennifer Krier, Hilary Illick and Billie Jo Joy.

- Proceeds from the five scheduled performances will go to Hilary Illick and Jennifer Krier (Venus De Mini Van Collaborative for Creative Expression) to offset production expenses.

- Jennifer and Hilary intend to send the script to an agent in New York to have it published. Jennifer Krier, Hilary Illick and Billie Jo Joy agree to meet in the month of January to create a contract to determine the percentage profits from the published script. It is the intention of Hilary Illick, Jennifer Krier, and Billie Jo Joy to recognize, in terms of percentages, the valuable creative contributions that have brought this work into being. As of November 14, 2002 we are discussing a percentage range of 12.5% – 25% of profits for Billie Jo Joy for her work as director and assistance with Hilary and Jennifer in developing the script—the former figure proposed by Hilary Illick and Jennifer Krier, and the latter proposed by Billie Jo Joy. We need to seek advice on such a contract and understand the terms and definitions of net and gross profit for this endeavor. We will continue this conversation and reach agreement in the month of January 2003.

- If the play goes into further production Hilary, Jennifer, and Billie Jo will need to come up with another letter of agreement for such a project.

Billie Jo Joy

Hilary Illick

Jennifer Krier

# Exhibit B

# TODD & WELD LLP

ATTORNEYS AT LAW
28 STATE STREET
BOSTON, MASSACHUSETTS 02109

NICHOLAS B. CARTER
Direct Dial: (617) 624-4727
Email: ncarter@toddweld.com

TELEPHONE: (617) 720-2626
FACSIMILE: (617) 227-5777
www.toddweld.com

April 6, 2006

BY FACSIMILE – (617) 261-3175

Deborah J. Peckham, Esq.
David M. Glynn, Esq.
Kirkpatrick & Lockhart
Nicholson Graham LLP
75 State Street
Boston, MA  02109

RE:    **Billie Jo Joy v. Hilary Illick and Jennifer Krier**, No. 05-CV-11580 NMG
       **(U.S. District Court – D. Mass.)**

Dear Deborah and David:

This letter is to request a mutually agreeable time before the end of the week for us to have a telephone conference in the above case for the purpose of meeting and conferring regarding two matters to see if there is any opportunity to resolve them without court intervention.

## I.    Conflict of Interest

First, as I have discussed with you before, my clients have serious concerns about your firm's continued representation of the Plaintiff in this case. K&L has obtained sensitive information relating to Defendants' litigation and settlement strategy through one of K&L's partners, Thomas Holt, who has substantial social and professional dealings with my clients and their husbands, and who has had several discussions about the substance of the lawsuit with them. (Many of these communications occurred after the lawsuit was filed and while Defendants were represented by other counsel.) In its direct communications with Defendants and their husbands, K&L has disregarded the ethical rules governing conflicts of interest and communications with parties represented by other counsel. As a result, K&L has obtained confidential information relating to this lawsuit which prejudices my clients' ability to defend against Plaintiff's claims

My clients have not assented to, or effectively waived, the clear and obvious conflicts that exist. Hilary Illick did sign a waiver -- at K&L's urging -- in August of 2005, which was presented with representations by K&L that led Illick to believe that if she signed the waiver, K&L would resolve the dispute amicably.

Deborah J. Peckham, Esq.
David M. Glynn, Esq.
April 6, 2006
Page 2

K&L also represented to Illick, as an express condition of her signing the waiver of conflict, that "Mr. Holt will have no conversations with the Defendants or their respective family members regarding the substance of this dispute." Based on these representations, Illick was induced to sign the waiver.

Almost immediately afterwards, Attorney Holt continued to discuss the substance of the lawsuit with Defendants and their husbands, thereby breaching the agreement and improperly obtaining confidential information about Defendants' litigation and settlement strategy. For example, after K&L filed and served Plaintiff's complaint, Attorney Holt, in direct violation of the terms of the waiver, discussed the lawsuit with Krier's husband. The waiver agreement was breached and repudiated by K&L and, therefore, is null and void. Further, Krier never signed *any* waiver and is wholly prejudiced by this conflict regardless of anything signed by Illick.

Thus, before K&L undertakes any further work on Plaintiff's behalf, we wish to discuss this issue to determine K&L's intent concerning representation (in light of these and other facts) before we are required to bring this to the Court's attention by way of a motion to disqualify.

## II.   Plaintiff's Claim of Co-Authorship

As we have discussed with your office previously at some length, we believe that Plaintiff's claims to co-authorship given the facts of this case are groundless -- and, with all due respect, frivolous -- in light of, *inter alia*, the binding agreement between the parties concerning credits for authorship, and the principles elucidated in Childress v. Taylor, 945 F.2d 500, 508-509 (2nd Cir. 1991) and Thomson v. Larson, 147 F.3d 195, 201-202 & n.20 (2nd Cir. 1998). We therefore intend to move for summary judgment, seeking dismissal and appropriate costs and fees. To the extent that your firm still intends to represent Plaintiff in light of the above circumstances, we will need to meet and confer with you concerning this issue as well.

I would like to discuss these issues with you today or Friday. If I do not hear from you, I will assume you plan to continue to represent Plaintiff and do not assent to summary judgment and will proceed accordingly.

Very truly yours,

Nicholas B. Carter

cc: Raymond P. Ausrotas, Esq.

**Exhibit C**

| | |
|---|---|
| **From:** | Carter, Nick |
| **Sent:** | Thursday, April 20, 2006 12:37 PM |
| **To:** | 'Glynn, David M.' |
| **Cc:** | 'Peckham, Deborah J.' |
| **Subject:** | RE: Joy v. Illick et al. |

David: Can you elaborate? I don't understand why you'd need additional time to make a decision on your firm's conflict. That seems cut and dried. I suppose you either agree or disagree. With respect to the motion for summary judgment, I'd normally have no objection to granting an extension, but your request is unusual under these circumstances and, again, I am without enough information to respond. It seems like there is more going on here than just a request for a professional courtesy to accomodate your busy schedule.

Please advise.

Nick


Nicholas B. Carter, Esq.
Todd & Weld LLP
28 State Street, 31st Fl.
Boston, MA 02109
(617) 624-4727


-----Original Message-----
**From:** Glynn, David M. [mailto:dglynn@klng.com]
**Sent:** Thursday, April 20, 2006 11:47 AM
**To:** Carter, Nick
**Cc:** Peckham, Deborah J.
**Subject:** Joy v. Illick et al.


Nick,

We are still considering our options with regard to your motion to disqualify and your motion for summary judgment. In light of the short time to respond to both of these motions, we are going to file a motion for a two week extension to respond. In light of our prior extensions of the answer deadline, I hope that you will consent. Please let me know as soon as possible whether you intend to oppose our motion.

David M. Glynn
Kirkpatrick & Lockhart Nicholson Graham LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
(617) 261-3254
(617) 261-3175 (fax)


This electronic message contains information from the law firm of Kirkpatrick & Lockhart Nicholson Graham LLP that may be privileged and confidential. The information is intended to be for the use of the addressee only. If you are not the

# Exhibit D

| | |
|---|---|
| **From:** | Glynn, David M. [dglynn@klng.com] |
| **Sent:** | Thursday, April 20, 2006 1:53 PM |
| **To:** | Carter, Nick |
| **Cc:** | Peckham, Deborah J. |
| **Subject:** | RE: Joy v. Illick et al. |

Nick, respectfully, we don't have any more information to share at this point other than what is in our proposed motion (attached). We hope that you will grant us this courtesy. Please let me know.

---

**From:** Carter, Nick [mailto:ncarter@toddweld.com]
**Sent:** Thursday, April 20, 2006 12:37 PM
**To:** Glynn, David M.
**Cc:** Peckham, Deborah J.
**Subject:** RE: Joy v. Illick et al.

David: Can you elaborate? I don't understand why you'd need additional time to make a decision on your firm's conflict. That seems cut and dried. I suppose you either agree or disagree. With respect to the motion for summary judgment, I'd normally have no objection to granting an extension, but your request is unusual under these circumstances and, again, I am without enough information to respond. It seems like there is more going on here than just a request for a professional courtesy to accomodate your busy schedule.

Please advise.

Nick


Nicholas B. Carter, Esq.
Todd & Weld LLP
28 State Street, 31st Fl.
Boston, MA 02109
(617) 624-4727


        -----Original Message-----
        **From:** Glynn, David M. [mailto:dglynn@klng.com]
        **Sent:** Thursday, April 20, 2006 11:47 AM
        **To:** Carter, Nick
        **Cc:** Peckham, Deborah J.
        **Subject:** Joy v. Illick et al.


        Nick,

        We are still considering our options with regard to your motion to disqualify and your motion for summary judgment. In light of the short time to respond to both of these motions, we are going to file a motion for a two week extension to respond. In light of our prior extensions of the answer deadline, I hope that you will consent. Please let me know as soon as possible whether you intend to oppose our motion.

        David M. Glynn

4/21/2006