UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BILLIE JO JOY,<br><br>Plaintiff,<br><br>v.<br><br>HILARY ILLICK and<br>JENNIFER KRIER,<br><br>Defendants. | Civil Action No. 05 11580 RCL |

### DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY

Pursuant to L.R. 7.1(B)(3), Defendants Illick and Krier respectfully move for leave to file a brief reply to Plaintiff's opposition to Defendants' motion to disqualify K&L. This reply is necessary to respond to certain important omissions from Plaintiff's opposition and their mischaracterization of Defendants' communications with the Volunteer Lawyers for the Arts or "VLA," which factual issue was raised for the first time in Plaintiff's Opposition papers. Defendants also submit that the reply will not create any new matters for argument but will assist the Court in resolving the issues originally set forth in Defendants' motion to disqualify. A copy of the proposed reply is attached hereto as Exhibit A in accordance with Electronic Case Filing Administrative Procedure O.

Respectfully submitted,

Defendants,

HILARY ILLICK and
JENNIFER KRIER,
By their attorneys,

*/s/ Nicholas B. Carter*

Nicholas B. Carter, Esq. (BBO# 561147)
Raymond P. Ausrotas, Esq. (BBO# 640315)
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626
ncarter@toddweld.com

Dated: May 18, 2006

## RULE 7.1 CERTIFICATION

By signing below, Defendants Hilary Illick and Jennifer Krier, by and through their counsel, further certify that they conferred with counsel for Plaintiff on the matters set forth in their motion, but after attempting in good faith to resolve or narrow the issues therein pursuant to L.R. 7.1(A)(2), the parties were unable to resolve the matter cooperatively without the intervention of the Court.

*/s/ Nicholas B. Carter*
Nicholas B. Carter, Esq.

Dated: May 18, 2006

### CERTIFICATE OF SERVICE

I, Nicholas B. Carter, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date: May 18, 2006

*/s/ Nicholas B. Carter*
Nicholas B. Carter

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BILLIE JO JOY,

    Plaintiff,

v.

HILARY ILLICK and
JENNIFER KRIER,

    Defendants.

Civil Action No. 05 11580 RCL

**[PROPOSED]**
**REPLY OF DEFENDANTS TO PLAINTIFF'S OPPOSITION**
**TO THE MOTION TO DISQUALIFY**

Defendants Illick and Krier respectfully submit this brief reply to Plaintiff's opposition to their motion to disqualify K&L. Defendants' motion should be allowed for the reasons stated in their original memorandum. This reply is necessary to respond to certain important omissions in Plaintiff's opposition and their mischaracterization of Defendants' communications with the VLA.

First, Plaintiff seeks to gloss over the alleged waiver agreement that K&L believed was necessary to obtain from Illick so that K&L could continue as Plaintiff's counsel. As K&L admitted in its own letter to Illick, "*a conflict of interest exists*" due to the conversations between Attorney Holt and, at a minimum, Illick and Valette.[1] Accordingly, K&L concluded in the letter: "*this law firm may proceed only if we obtain the consent, or waiver, of the clients after consultation with them.*"

---

[1] Attorney Holt also had conversations about the lawsuit with Krier, which she affirms in her affidavit filed herewith.

Plaintiff superficially addresses this critical document in a footnote toward the end of their memorandum. However, Plaintiff does not even begin to address the categorical admissions in the letter that *a conflict of interest exists* and that K&L cannot proceed unless they obtain the consent of *the clients*. K&L itself acknowledged the existence of a conflict and an attorney-client relationship. This is not a relationship dreamed up by Defendants or their counsel for tactical purposes. Plaintiff's conclusory statements now denying the existence of that conflict and attorney-client relationship, fail adequately to explain away circumstances that they previously believed were serious enough to establish an attorney-client relationship and require a conflict waiver.

Second, Plaintiff does not address in its opposition K&L's breach of the express condition that Attorney Holt would have no further "*conversations*" with Defendants or their husbands about the lawsuit. Plaintiff also does not address the significance of these conversations in light of the clear prohibition against such conduct set forth in Massachusetts Rule of Professional Conduct 4.2, which unequivocally states "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." See Mass. R. Prof. Conduct 4.2. "Rule 4.2 exists 'to protect the attorney-client relationship and *prevent clients from making ill-advised statements without counsel of their attorney*." Clark v. Beverly Health And Rehabilitation Services, 440 Mass. 270, 276 (2003) (citations omitted) (emphasis added). Plaintiff acknowledges that Attorney Holt, in fact, did have further conversations with Cosinuke about the lawsuit, though he and his firm knew that Defendants were represented by counsel at the time.

2

Contrary to Attorney Holt's characterization of these conversations, he initiated at least one of them by telephoning Cosinuke. Also, Attorney Holt did give advice about how to resolve the dispute. See Cosinuke Aff., ¶ 5.

In addition, at the business lunch that Attorney Holt had with Cosinuke in September 2005, Attorney Holt does not deny that he discussed the lawsuit with Cosinuke. Nor does he deny that he accepted Cosinuke's telephone call where Cosinuke had clearly indicated in a prior message that he wanted to discuss the lawsuit with Attorney Holt. As the lawyer, Attorney Holt had the obligation to establish appropriate boundaries during the litigation to insure that he did not put himself in a position where conversations would occur with Defendants or their husbands about the lawsuit. He did not meet that obligation, and as a result confidential information was provided to K&L about Defendants' litigation and settlement strategy. If K&L is not disqualified, Defendants will be prejudiced.

Third, Plaintiff mischaracterizes Defendants' counsel's communications with the VLA. The purpose of these communications with the VLA was never to deny Plaintiff of legal representation. Plaintiff, after all, would under any circumstances be free to pay for counsel, as Illick and Krier currently must try to do. The communications, which included requesting that the VLA also help Defendants to obtain *pro bono* representation, were merely intended to try to put this group of artists on a level playing field.[2]

As stay-at-home mothers and playwrights who lost substantial money as a result of the play they wrote about their own personal lives, Illick and Krier could ill afford to defend a lawsuit brought against them by a national law firm such as K&L, which has endless resources to

---

[2] Defendants' counsel objects to Plaintiff's suggestion that counsel's communications with the VLA were intended to be concealed from the Court. That is untrue. The communications with the VLA were made openly and in writing. There was nothing to hide.

3

throw at this case and a willingness to do so. K&L already has at least four attorneys assigned to this case (three of whom are partner-level attorneys of the firm).[3] This is disproportionate to a dispute over a play that lost money, and serves as a sobering harbinger of the costs that Illick and Krier have always feared would result from Plaintiff having the free use of a national firm to pursue her truly meritless claims of authorship.[4]

Defendants, on their own and through counsel, reached out to the VLA in an appeal for equity. That appeal was rejected. As a result, since the VLA will continue to assist Plaintiff to obtain *pro bono* counsel, there will be no prejudice to Plaintiff if K&L is disqualified as it should be.

## Conclusion

For the reasons stated above and in Defendants' original motion and supporting memorandum, Defendants respectfully request that the Court grant their motion to disqualify Kirkpatrick & Lockhart Nicholson Graham LLP.

> Defendants
> HILARY ILLICK and
> JENNIFER KRIER,
> By their attorneys,
>
> _____
> Nicholas B. Carter, Esq. (BBO# 561147)
> Raymond P. Ausrotas, Esq. (BBO# 640315)
> Todd & Weld LLP
> 28 State Street, 31st Floor
> Boston, MA 02109
> (617) 720-2626
> ncarter@toddweld.com

Dated: May __, 2006

---

[3] In addition, to the three attorneys who signed the opposition, another senior partner, Tom Turano, Esq., is involved on the intellectual property issue.

[4] Defendants have filed a motion for summary judgment which lays out in detail the reasons that Plaintiff's case should fail as a matter of law. Plaintiff has moved to stay consideration of summary judgment in the event that the Court decides to disqualify K&L. Upon Plaintiff's request, Defendants assented to that motion.

CERTIFICATE OF SERVICE

    I, Nicholas B. Carter, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date: May__, 2006

                                              Nicholas B. Carter

5