UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


BILLIE JOE JOY  VS. HILARY ILLICK, ET AL


C.A. No. 05-11580-RCL


NOTICE OF SCHEDULING CONFERENCE AND ADDITIONAL MATTERS

I.      An initial scheduling conference will be held at 2:30PM on February 8, 2007, in Courtroom #11, 5th Floor, 1 Courthouse Way, Boston, MA in accordance with Fed. R. Civ. P. 16(b) and Local Rule 16.1.  The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C), and (D) of Local Rule 16.1 (as modified by this Order) to be of utmost importance.  Counsel may be granted a continuance only if actually engaged in a trial.  Failure to comply fully with this notice and with sections (B), (C), and (D) of Local Rule 16.1 (as modified by this Order) may result in sanctions under Local Rule 1.3.  Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.

Sections (B), (C), and (D) of Local Rule 16.1, as modified by this Order, provide as follows:

(B)     Obligation of counsel to confer.  Unless otherwise ordered by the court, counsel for the parties shall confer not later than fourteen (14) days before the date for the scheduling conference for the purpose of:

1. preparing an agenda of matters to be discussed at the scheduling conference,

2. preparing a proposed pretrial schedule for the case that includes a plan for discovery, and

3. considering whether they will consent to trial by magistrate judge.

(C)     Settlement proposals.  Unless otherwise ordered by the court, the plaintiff shall present written settlement proposals to all defendants not later than ten (10) days before the date for the scheduling conference.  Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and shall be prepared to respond to settlement proposals at the scheduling conference.

(D)     Joint statement.  Unless otherwise ordered by the court, the parties are required to file, no later than five (5) business days before the scheduling

conference, a joint statement containing a proposed pretrial schedule, which shall include:

1. a concise summary of the positions asserted by the plaintiff, defendant and any other parties with respect to both liability and relief sought;

2. a joint discovery plan proposing a schedule of the time and length for all discovery events;

3. a proposed schedule for the filing of motions; and

4. certifications signed by counsel and by the party (or by an authorized representative in the case of a corporation) affirming that each party and that party's counsel have conferred:

> (a) with a view to establishing a budget for the costs of conducting the full course -- and various alternative courses -- for the litigation; and
>
> (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

To the extent that all parties are able to reach agreement on a pretrial schedule, they shall so indicate. To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference.

II.   The obligation to file a joint statement is an independent obligation of each party. Thus if one party does not cooperate with the other party or parties in the preparation of the joint statement, the other party or parties shall file a separate statement setting forth the information required by Local Rule 16.1(D), as modified by this Order, the identity of the party not cooperating in the preparation of the joint statement, and the efforts undertaken to obtain that cooperation.

### Additional Matters

III.   <u>Discovery Motions.</u>  The parties are advised that, unless otherwise ordered, the court will not consider any motion, filed in this action pursuant to Fed. R. Civ. P. 37 and/or 45 (discovery motions), which does not comply fully with the provisions of Local Rules 7.1 and 37.1. The statement of the moving party, with respect to the pre-motion discovery conference required by Local Rule 37.1, shall be set forth in a paper separate from both the discovery motion and the supporting memorandum.

IV.   <u>Motions for Protective Orders.</u>  The parties are further advised that if, in the course

of this action, they seek the entry of a general order pertaining to the impoundment of confidential materials, the court will consider entering such an order only if a proposed form of order is submitted to the court and the proposed order:

      (a)      complies fully with Local Rule 7.2;

      (b)      provides for the filing of a motion for impoundment which: (i) sets forth a description, in general terms, of the confidential materials and a short statement setting forth the reason justifying impoundment; and (ii) is accompanied by a redacted version of the document or item containing confidential materials, to be placed in the court's public files, and an unredacted version of the document or item containing the confidential materials, marked or highlighted to indicate clearly the portions for which impoundment is sought.

Irrespective of whether a general order of impoundment is entered in the case, the court will not order the impoundment of any material unless the party seeking impoundment files a motion which meets the requirements, and is accompanied by the items set forth in subsection (b) of this section IV.

DATED: 1/9/07

                                                                                           Reginald C. Lindsay
                                                                                          U.S. District Judge
                                                                                          By the Court:

                                                                                          /s/ Lisa M. Hourihan
                                                                                          Courtroom Deputy Clerk